[Civ. No. 42849. First Dist., Div. Four. Apr. 4, 1978.]

BAXTER RICE, as Director, etc., Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD,
Respondent;
ANTHONY V. MACHIANO, Real Party in Interest.

**COUNSEL**

Evelle J. Younger, Attorney General, and Matthew P. Boyle, Deputy Attorney General, for Petitioner.

Floyd R. Mitzner for Respondent.

Mortimer F. McInerney for Real Party in Interest.

## Opinion

**CHRISTIAN, J.**—The Director of the Department of Alcoholic Beverage Control seeks review of an order of respondent Alcoholic Beverage Control Appeals Board which reversed a decision of the department denying an application by real party Anthony V. Machiano for issuance of an on-sale beer and wine license.

On November 4, 1976, Machiano applied for a license for a restaurant which he planned to open at a hotel in South San Francisco. The South San Francisco police filed a protest, alleging that to issue a license for the designated premises "would be contrary to public welfare and morals, and would greatly aggravate an already existing police problem." The department denied the application, stating three grounds for that action:

"Issuance of the license would aggravate an existing policing problem.

"Issuance of a license would result in or add to an undue concentration of licenses in the area.

"Premises have been denied a license within one year immediately preceding the application."

At the request of Machiano the matter was then heard before an administrative law judge. At that hearing evidence was taken and the judge rendered a proposed decision of denial. The department adopted the proposed decision, and real party in interest appealed to respondent appeals board. The board reversed the decision of the department, whereupon the department sought further review in this court.

■ The power of the appeals board in reviewing license decisions of the department is "limited to the questions whether the department has proceeded without or in excess of its jurisdiction, whether the department has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record." (Cal. Const., art. XX, § 22; Bus. & Prof. Code, §§ 23084, 23085.) ■ Here, the department denied the application for a license on the sole basis that a previous application had been denied less than a year before, for reasons pertaining to the premises. California Administrative Code, title 4, section 66 (commonly referred to as "rule 66"), provides in pertinent part: "No license shall be issued for any premises for which an

application for a license has been denied, or at which a license has been' revoked, *for reasons pertaining to the premises,* unless one year has elapsed from the date the order becomes final. [¶ . . . . ¶] Notwithstanding the provisions of this rule, the department may at any time in the reasonable exercise of its discretion issue a license for any premises which was originally denied or at which a license has been revoked, or may accept a petition to remove conditions, if the reasons which caused the denial, revocation or imposition of conditions no longer exist." (Italics added.)

The decision of the administrative law judge, adopted by the department, was as follows:

"ISSUES TO BE DETERMINED:

"The issues to be determined are (1) Whether the issuance of the license would aggravate an existing police problem; (2) Whether the issuance of the license would result in or add to an undue concentration of licensed premises in the area; and (3) Whether an application for licensure of the premises has been denied within one year immediately preceding the present application.

"FINDINGS OF FACT:

"(1) The licensing history of the proposed premises, situated in an old hotel in a 'police problem area' but removed by at least two blocks from the center of that area on Grand Avenue in South San Francisco, shows licensure from 1949 to 1969 Type 40—On-sale Beer and from 1969 to September 1973 Type 61—On-sale Beer, Public Premises, suspended for eighty days on October 16, 1973 and revoked on August 29, 1974. Since that time there have been several applications for licensure, the last of which was filed on January 30, 1976 by Laurence Anthony Maes for a Type 41—On-sale Beer and Wine, Bona Fide Eating Place license. This application was denied on May 1, 1976 and withdrawn on June 1, 1976.

"(2) The present application was filed on November 3, 1976.

"(3) It was not established that the reasons which caused the denial of the application by Laurence Anthony Maes, mentioned in Finding (1) no longer exist.

"DETERMINATION OF ISSUES PRESENTED:

"(1) Issuance of the license would be contrary to the provisions of Section 66, Title 4, California Administrative Code, and the petition ought to be denied.

"(2) In view of Determination of Issues (1), it is unnecessary to determine whether the issuance of the license would be contrary to public welfare and morals because issuance would aggravate an existing police problem or result in, or add to, an undue concentration of licensed premises within the area.

"PENALTY OR RECOMMENDATION:

"The petition is denied."

Finding (1) is incomplete as a recital of the licensing history of the premises, in that the reason for the denial of the Maes application on May 1, 1976, was not stated. But the department's denial of the Maes application was concededly based on two grounds, as shown by a document from the department's own file which was received in evidence:

"1. Issuance of a license would aggravate an existing policing problem.

"2. Issuance of a license would result in or add to an undue concentration of licenses in the area."

Counsel for real party conceded in his argument before the administrative law judge that "the denial . . . in the Maes case, was based primarily on the police department objection and protesting of the issuance of the license because of excessive police problem and undue concentration of licenses in the area." Although it would have made a clearer record if the administrative law judge had made an explicit finding that the Maes denial was, in the language of the regulation "for reasons pertaining to the premises," that deficiency in the findings is not fatal to the decision where the fact to be found is established incontestably in the record and at the hearing was explicitly admitted by the real party. (Cf. Code Civ. Proc., § 632, providing that a court may be required to make findings only as to facts that are in issue.)

The decision of the appeals board, reversing the department's decision, was based not on any deficiency in the findings, but on the

board's interpretation of rule 66. It appears that the board interpreted the first paragraph of the rule as meaning that no license shall be issued for any premises for which an application for a license has been denied within the previous year, where that application was denied for reasons pertaining to the premises, and those reasons still exist.

The department's decision was based on a finding that a prior application for an on-sale license had been denied for the same premises within the year previous to the denial of real party's application. It was admitted that the grounds for denial of the prior application were that issuance of the license would aggravate an existing police problem and that there would be an undue concentration of licenses. The board took the view that, despite the provisions of rule 66, the issue needed to be determined again in the present application, whether issuance of the license would currently aggravate an existing police problem.

The board's construction of the regulation is not correct. The first paragraph of the regulation states the general premise that a license shall not be issued unless one year has elapsed from the date of an order denying an application "for reasons pertaining to the premises." The third paragraph of the rule provides for an exception, that "Notwithstanding the provisions of this rule, the department may at any time in the reasonable exercise of its discretion issue a license for any premises which was originally denied or at which a license has been revoked, or may accept a petition to remove conditions, *if the reasons which caused the denial, revocation or imposition of conditions no longer exist.*" (Italics added.) The fact that this paragraph establishes an exception to the general rule, to be exercised in the department's discretion, if the reasons which caused the original denial no longer exist, demonstrates that the applicability of the first paragraph, requiring denial within one year, does not depend upon a determination that conditions have not changed. Rather, it authorizes automatic denial within one year, to permit the department to protect against having to devote resources to handling unreasonably early reapplications. The appeals board's construction, that "the question involved in the prior as well as the current application is whether issuance of the license would aggravate an existing police problem," would have the effect of nullifying rule 66; in every reapplication, though less than one year had elapsed since a prior denial for reasons relating to the premises, evidence and findings would be required, establishing the same grounds for denial as in the prior application.

The exception provided by the regulation does not *require* that the department exercise its discretion to reexamine the evidence at the time of the second application. It merely provides that the department *may* "in the reasonable exercise of its discretion" issue a license if it concludes the reasons for the original denial no longer exist. The board erred as a matter of law when it reversed the department's decision; rule 66 explicitly authorizes the denial of an application for a license for any premises for which an application has been denied within one year, where the first application was denied for reasons pertaining to the premises.

Real party contends that: "Section 66 is in conflict with the Constitution and the statutes of the State of California and is in excess of the jurisdiction of the department." But the rule-making power of the department is established by article XX, section 22, of the California Constitution, and Business and Professions Code section 25750. The statutes and the Constitution specify as a ground for denial of an application, that the granting of the license would be contrary to public welfare or morals, and Business and Professions Code section 25750 authorizes the department to make "reasonable rules . . . to enable it to exercise the powers and perform the duties conferred upon it . . . ." There is no showing that title 4, California Administrative Code, section 66 is unreasonable.

The decision of the appeals board is annulled and that of the Department of Alcoholic Beverage Control is reinstated.

Ragan, J.* concurred.

**CALDECOTT, P. J.**—I dissent.

An appeal was filed with respondent appeals board on the grounds that the department's decision was not supported by the findings and the findings were not supported by substantial evidence in the light of the whole record.

The jurisdiction vested in the appeals board in reviewing decisions of the department as prescribed by article XX, section 22 of the California

---

*Assigned by the Chairperson of the Judicial Council.

Constitution, and section 23084 of the Business and Professions Code, is limited to the following grounds as set forth in the aforesaid constitutional provisions: "When any person aggrieved thereby appeals from a decision of the department ordering any penalty assessment, issuing, denying, transferring, suspending or revoking any license for the manufacture, importation, or sale of alcoholic beverages, the board shall review the decision subject to such limitations as may be imposed by the Legislature. In such cases, the board shall not receive evidence in addition to that considered by the department. Review by the board of a decision of the department shall be limited to the questions whether the department has proceeded without or in excess of its jurisdiction, whether the department has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record."

Section 23084 of the Business and Professions Code provides in part as follows: "The review by the board of a decision of the department shall be limited to the questions:

". . . . . . . . . . . . . . . . . . .

"(c) Whether the decision is supported by the findings.

"(d) Whether the findings are supported by substantial evidence in the light of the whole record."

The board ordered that the decision of the department be reversed. The department then applied to this court for a writ of review. (Bus. & Prof. Code, § 23090.)

Section 23090.2 provides in part as follows: "The review by the court shall not extend further than to determine, based on the whole record of the department as certified by the board, whether:

". . . . . . . . . . . . . . . . . . .

"(c) The decision of the department is supported by the findings.

"(d) The findings in the department's decision are supported by substantial evidence in the light of the whole record." I now turn to a review of the findings.

The department's denial of this application for a license was based on the ground that it would be contrary to section 66, title 4 of the California Administrative Code. Section 66 provides that no license shall be issued on any premises for which a license has been denied *for reasons pertaining to the premises* unless one year has elapsed from the date of the denial. This is the only ground stated for denial in the decision.

The reasons for denial of the previous application were "(1) issuance of the license would aggravate an existing police problem; (2) issuance of the license would result in or add to an undue concentration of licenses." A hearing was not requested so no evidence was presented to support these reasons and no findings were made.

There is no question that the findings in the present case are sufficient on the issue that a previous application was denied within one year. However, there is no finding that the issuance of a license would aggravate an existing police problem or would result in an undue concentration of licenses. The findings do state that the proposed premises are situated within a "police problem area." Finding of fact (3) states that it is not established that the reasons which caused the denial of the previous application "mentioned in Finding (1)" no longer exist. Yet, as stated above, finding (1) does not mention the reasons for denial, namely, aggravation of a police problem or undue concentration of licenses.

The insufficiency of the findings is not a mere technical defect. The record shows that a license was issued to other premises within the police problem area; so the department apparently distinguished between the terms "aggravation of a police problem," and "police problem area." The opinion of the board points out that "the fact that a proposed premises is located in a police problem area is not, by itself, a sufficient basis for denial of a license; it must be established, as acknowledged by section 66, that the proposed premises, if licensed, would aggravate an existing police problem."

Furthermore, the record shows that the premises were licensed from 1949 to 1969 and from 1969 to 1973. During this period there was only one accusation filed (1956) and one revocation (1974). Whether this evidence would be sufficient to support a finding of "aggravation of a police problem" I need not determine. The department apparently did

not think it would; it did not make such a finding in its decision. The findings are thus insufficient to support the decision of the department. I would reverse the decision of the department.

Respondent's petition for a hearing by the Supreme Court was denied May 31, 1978.